## KALKMAN *et al.* v. BAYLIS *et al.*

THE complaint contained three counts. The first, on a special contract for the erection of a warehouse ; the second, for extra work on the building ; and the third, for work and labor done, and materials furnished in its erection. The answer denied the allegations of the first two counts ; but failed to deny the allegations of the third.

The parties stipulated that the evidence should be taken by a referee, and the cause tried before the Court on the evidence. The Court, instead of finding the facts from the evidence, found the allegations of the third count correct, because not denied.

*Held*, that this was error, and that the Court should have regarded the allegations of the third count as denied, and found the facts from the evidence.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts appear in the opinion of the Court.

*W. H. Jones, Robinson, Beatty,* and *Heacock,* for Appellants.

*Wilkins & Temple,* and *J. B. Harmon,* for Respondents.

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

In the complaint, the plaintiffs for the first cause of action, set forth a special agreement for the building of a warehouse by them for the defendants, and aver a performance on their part. For a second cause of action, they aver the performance of certain extra work on the said building. For a third cause of action, they aver that the defendants were, on a day specified, indebted to them in the sum of $1,360 for work and labor done, and materials furnished in the building of a warehouse, at the defendants' request, of which sum two hundred and fifty dollars have been paid, and that there is now due the sum of $1,110. The complaint is verified. A motion made to strike the third cause of action from the complaint was denied. The answer denies, specifically, all the allegations relating to the first and second causes of action. It then denies that the defendants are indebted to the plaintiffs in the sum of $1,110, or any other sum. This denial is not applied in explicit terms to the third cause of action; but that is the only one in which that sum was claimed to be due. After the answer was filed, the parties stipulated that a referee be appointed to take and report the evidence; and that the case be tried upon such evidence. The evidence was taken and reported to the Court, and the action tried, as is stated in the finding, " upon the pleadings and upon the evidence reported " by the referee. In its finding the Court says it " finds from the admission in said pleadings from the failure of the defendants to answer the third count in the plaintiffs' complaint, the following facts, to wit :" and then proceeds to set forth as facts found the matters which are alleged in that third count. From the judgment entered upon this finding, the defendants appeal.

Under the old system of pleading and practice, if no issue was taken upon one of the counts of the declaration, no trial or verdict could be had upon it, and no judgment taken, as upon an issue tried. In this case, the Court below have made a finding, which is in the nature of a verdict rendered upon this third cause of action. This finding is based wholly upon the allegations of the third cause of action taken as true, because that count was not denied by the answer. If the action had been tried by a jury, and a general verdict rendered, it would have applied to the cause of action or counts upon which issues had been taken. And so we think the findings must be upon the issues joined. If there was an issue joined on the third cause of action, the evidence should, under the circumstances of this case, have been taken into consideration in making the finding. It was taken as applicable to the issues, and no objection made that the cause of action stood admitted; and it was for that reason immaterial. In the case of *Baker* v. *Washington* (5 Stew. & Porter, 142), in which, after verdict, an objection was taken that there was no plea filed, the Court say, instead of allowing the objection taken at that time to prevail: " We will rather presume that there was one which was dropped from the record, or that by mutual agreement, express or implied, the same was dispensed with." In this case there was an answer plainly intended to controvert the third cause of action, though it is liable to the objection that it only denied the conclusion of law, instead of the facts from which the conclusion resulted. The answer does not, specifically, deny the allegations of fact averred in this third cause of action; but if every material fact is for that reason taken to be true, then there was no issue to be tried as to this cause of action. The parties stipulated that the action should be tried on the evidence to be taken before the referee. After such a stipulation, and after a large mass of testimony was taken as upon an issue joined, it must be held that the parties have agreed to consider the third cause of action, or count, as being controverted. The findings, therefore, should have been based upon the evidence ; and it was error to make a finding and render a judgment upon the third count as being confessed.

Judgment reversed, and cause remanded, and a new trial ordered.